UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **Nationstar Mortgage LLC** | **CIVIL ACTION NO:** |
| **Plaintiff** | **COMPLAINT** |
| vs. | RE:<br>6 Orchard Street, Gardiner, ME 04345 |
| **Chad Johnston and Troy Johnston** | Mortgage:<br>September 23, 2016<br>Book 12422, Page 1<br>Kennebec Registry of Deeds |
| **Defendants** | |

NOW COMES the Plaintiff, Nationstar Mortgage LLC, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Chad Johnston and Troy Johnston, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Nationstar Mortgage LLC, in which, Roger A. Johnston, is the obligor and the total amount owed under the terms of the Note is One Hundred Twenty-Six Thousand One Hundred Five and 20/100 ($126,105.20) Dollars, plus attorney fees and costs associated with the

instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Nationstar Mortgage LLC ("Nationstar") is a Limited Liability Company. As a limited liability company, Nationstar's citizenship is to be determined by the citizenship of its members. *See BRT Management LLC v. Malden Storage LLC*, 2023 WL 357390, (1st Cir. May 22, 2023); *ConnectU, LLC v. Zuckerberg* (citing *Pramco,LLC ex rel CFSC Consort, LLC v. San Juan Bay Marina, Inc.,)* 435 F.3d 51, 54-55 (1st Cir 2006). Nationstar's members are Nationstar S 1 LLC ("Sub 1") and Nationstar Sub 2 LLC ("Sub2"). Both Sub1 and Sub2 are wholly owned by Nationstar Mortgage Holdings, Inc ("Nationstar Holdings") a corporation. A corporation is a citizen of the state in which it is incorporated and in which it has its principal place of business. See 28 U.S.C. § 1332(c). Nationstar Holdings is a Delaware corporation with a principal place of business located at 8950 Cypress Waters Boulevard, Coppell, TX 75019, thus Plaintiff is a citizen of Delaware and Texas.

5. The Defendant, Chad Johnston, is a resident of Bristol, County of Hartford and State of Connecticut and has a potential interest in the property under the intestacy statutes of Maine.

6. The Defendant, Troy Johnston, is a resident of Gardiner, County of Kennebec and State of Maine and has a potential interest in the property under the intestacy statutes of Maine.

## FACTS

7. On September 16, 2016, by virtue of a Warranty Deed from Gregory R. Eldridge and April B. Eldridge f/k/a April B. Baker, which is recorded in the Kennebec Registry of Deeds in **Book 12421, Page 344**, the property situated at 6 Orchard Street, City/Town of Gardiner, County of Kennebec, and State of Maine, was conveyed to Roger A. Johnson, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

8. On September 23, 2016, Roger A. Johnston, executed and delivered to Residential Mortgage Services, Inc. a certain Note under seal in the amount of $124,935.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

9. To secure said Note, on September 23, 2016, Roger A. Johnston, executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Residential Mortgage Services, Inc., securing the property located at 6 Orchard Street, Gardiner, ME 04345 which Mortgage Deed is recorded in the Kennebec Registry of Deeds in **Book 12422, Page 1**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

10. Upon information and belief, Roger A. Johnson died on January 20, 2019 intestate and therefore his interest in the subject property passed to Chad Johnston and Troy Johnston (his sons) under Title 18-C § 2-103.

11. The Mortgage was then assigned to Nationstar Mortgage LLC d/b/a Mr. Cooper by virtue of an Assignment of Mortgage dated August 21, 2019 and recorded in the Kennebec Registry of Deeds in **Book 13309, Page 88**. *See* Exhibit D (a true and correct coopy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was further assigned to Nationstar Mortgage LLC by virtue of a Quitclaim Assignment dated December 12, 2022 and recorded in the Kennebec Registry of Deeds in **Book 14687**, **Page 175**. *See* Exhibit E (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

13. On March 23, 2023, the Defendants, Chad Johnston and Troy Johnston, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit F (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

14. The Demand Letter informed the Defendants, Chad Johnston and Troy Johnston, of the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit F.

15. The Defendants, Chad Johnston and Troy Johnston, failed to cure the default prior to the expiration of the Demand Letter.

16. The Plaintiff, Nationstar Mortgage LLC, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

17. The Plaintiff, Nationstar Mortgage LLC, is the lawful holder and owner of the Note and Mortgage.

18. The Plaintiff, Nationstar Mortgage LLC, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

19. The total debt owed under the Note and Mortgage as of May 2, 2023 is One Hundred Twenty-Six Thousand One Hundred Five and 20/100 ($126,105.20) Dollars, which includes:

| Description | Amount |
| --- | --- |

| | |
|---|---:|
| Principal Balance | $111,105.46 |
| Interest | $5,009.95 |
| Unpaid Late Charges | $110.45 |
| Escrow Advance | $4,026.50 |
| Deferred Amounts | $320.15 |
| Lender Paid Expenses | $5,164.37 |
| PMI Premium | $368.32 |
| Grand Total | $126,105.20 |

20. Upon information and belief, the Defendants, Chad Johnston and Troy Johnston, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

21. The Plaintiff, Nationstar Mortgage LLC, repeats and re-alleges paragraphs 1 through 20 as if fully set forth herein.

22. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 6 Orchard Street, Gardiner, County of Kennebec, and State of Maine. *See* Exhibit A.

23. The Plaintiff, Nationstar Mortgage LLC, is the holder of the Note referenced in Paragraph 8 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Nationstar Mortgage LLC, has the right to foreclosure and sale upon the subject property. *See Johnson v. Toothaker v. Bayview Loan Servicing, LLC,* 2022 WL 3278883 JDL (D. Me 2022), citing *Johnson v. Home State Bank,* 501 U.S. 78, 84 (1991).

24. The Plaintiff, Nationstar Mortgage LLC, is the current owner and investor of the aforesaid Mortgage and Note.

25. The Defendants, Chad Johnston and Troy Johnston, are presently in default on said Mortgage and Note, having failed to make the monthly payment due February 1, 2022, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

26. The total debt owed under the Note and Mortgage as of May 2, 2023 is One Hundred Twenty-Six Thousand One Hundred Five and 20/100 ($126,105.20) Dollars.

27. The record established through the Kennebec Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

28. By virtue of the Defendants, Chad Johnston and Troy Johnston's, breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate. This action <u>does not</u> seek any personal liability on the part of the Defendants, Chad Johnston and Troy Johnston, but only seeks *in rem* judgment against the property.

29. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendants, Chad Johnston and Troy Johnston, on March 23, 2023, evidenced by the Certificate of Mailing.  *See* Exhibit F.

30. The Defendants, Chad Johnston and Troy Johnston, are not in the Military as evidenced by the attached Exhibit G.

31. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Nationstar Mortgage LLC, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Determine the priority, if any, of any junior lien holders;

c) Grant possession to the Plaintiff, Nationstar Mortgage LLC, upon the expiration of the period of redemption;

d) Find that the Defendant, Chad Johnston and Troy Johnston, are in breach of the Mortgage by failing to make payment due as of February 1, 2022, and all subsequent payments;

e) Find that the Plaintiff, Nationstar Mortgage LLC, is entitled to enforce the terms and conditions of the Note and Mortgage;

f) Find that the Plaintiff, Nationstar Mortgage LLC, is entitled to restitution for this benefit from the Defendants;

g) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

h) Find that while the Defendants, Chad Johnston and Troy Johnston, have no personal liability in this matter, a judgment of foreclosure and Sale in this matter can be imposed *in rem* against the property commonly known as 6 Orchard Street, Gardiner, ME 04345;

i) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322; this action does not seek any personal liability on the part of the Defendants, but only seeks in rem judgment against the property;

j) For such other and further relief as this Honorable Court deems just and equitable.

Dated: June 9, 2023

Respectfully Submitted,
Nationstar Mortgage LLC,
By its attorneys,

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com